IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BILL RIGSBY**,

**Plaintiff-Counter-Defendant**

v.                                                                    No. 14-0676-DRH

**SHAWNEETOWN HARBOR SERVICE INC.**,

**Defendant/Counter-Plaintiff**

AND

**INDUSTRIAL MARINE SERVICES**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is plaintiff's review and appeal of Magistrate Judge Williams' Orders or Recommendations pursuant to United States District Court Southern Illinois District of Illinois Local Rules (Doc. 39). Specifically, plaintiff appeals two January 22, 2015 Orders issued by Magistrate Judge Williams (Docs. 34 & 35) arguing that "[w]hile plaintiff initially consented to the appointment of a magistrate judge, defendant has yet to file with this court its voluntary consent to a magistrate judge. Without such consent by all parties, a magistrate judge has no authority to conduct any proceeding in this, or any other, civil case." (Doc. 39, p. 2). Plaintiff further argues that the any orders entered by Magistrate Judge Williams

should be held moot due to the fact that not all parties had agreed to the consent of the magistrate judge's appointment. Based on the following, the Court affirms Magistrate Judge Williams' January 22, 2015 Orders and denies plaintiff's review and appeal.[1]

> Local Rule 73.1(a) of the Southern District of Illinois provides:
>
>> (a) Appeal of Non-Dispostive Matters – 28 U.S.C. § 636(b)(1)(A)
>> Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of a Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of the Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to the law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

Also, under Federal Rule of Civil Procedure 72(a), the Court may modify or reverse a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

---

1 The Court does not need a response from the other parties to address this review and appeal.

A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *See also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

Here, plaintiff's review and appeal misses the mark. The civil cases in this judicial district are automatically referred to the magistrate judges of this judicial district for non-dispositive matters. Local Rule 72.1(a)(1) of the Southern District of Illinois provides:

> (a) Automatic References
> The Clerk of the Court shall refer the following matters to a Magistrate Judge upon filing:
> (1) all pretrial motions for hearing and determination in accordance the provisions of Federal Rule of Civil Procedure 72, with the exception of motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss, to remand, to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, to involuntarily dismiss an action, motions in limine regarding evidentiary matters, and for extensions of time with regard to matters pending before a District Judge. Upon entry of a pretrial order, all motions thereafter served shall be submitted to the assigned trial judge;

The consent that plaintiff raises in his review and appeal is a *complete* referral of the case to magistrate judge after consent of all the parties pursuant to 28 U.S.C.

§ 636(c) and Local Rule 72.2 of the Southern District of Illinois. Clearly, it was proper for Magistrate Williams to issue the January 22, 2015 Orders on the non-dispositive issues. Magistrate Williams' January 22, 2015 Memorandum and Order is well written and clearly sets out the reasons for his ruling. Further, the Court finds that plaintiff has not established that Magistrate Williams' Orders were clearly erroneous or contrary to the law. There is no reason for this Court to vacate Judge Williams' Orders.

Accordingly, the Court **AFFIRMS** Magistrate Judge Williams' January 22, 2015 Orders (Docs. 34 & 35) and **DENIES** plaintiff's review and appeal of Magistrate Judge Williams' Orders (Doc. 39).

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2015.

Digitally signed by David R. Herndon
Date: 2015.02.03 16:22:19 -06'00'

**United States District Judge**