IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BILL RIGSBY**,

**Plaintiff-Counter-Defendant**

v.                                              No. 14-0676-DRH

**SHAWNEETOWN HARBOR SERVICE INC.,**

**Defendant/Counter-Plaintiff**

AND

**INDUSTRIAL MARINE SERVICES,**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is plaintiff's motion to change of venue (Doc. 43). Specifically, plaintiff moves the Court to change venue from the East Saint Louis Courthouse to the Benton Courthouse arguing that the Benton "Division" is more convenient as all of the parties reside in Gallatin County, Illinois which is located near the Benton Courthouse, that most of the witnesses reside in Gallatin County and that plaintiff has serious back injuries which make it hard to travel over 45

miles in car. Defendants oppose the motion (Doc. 44). Based on the following, the Court denies without prejudice the motion as defendant is correct that the Southern District of Illinois does not have separate divisions.

28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district of division to which all parties have consented.

28 U.S.C. § 1404(a). And 28 U.S.C. § 1404(b) provides in part:

> Upon such motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district....

Clearly, section 1404 allows transfer of a case to another division within the same district. However, section 1404 does not apply to the Southern District of Illinois since East Saint Louis and Benton do not constitute separate divisions. *See* 28 U.S.C. § 93 (creating two separate divisions for the Northern District of Illinois but not for either the Central District of Illinois or the Southern District of Illinois). The Court notes that during the Final Pretrial Conference, plaintiff may re-raise this issue if there is a compelling reason to conduct the trial at the Benton Courthouse. In addition to a compelling reason, the Court will consider whether it is logistically feasible given the business of the Benton Courthouse, the availability of courtroom space at the Benton Courthouse (where two Article III judges, each carrying a 100% caseload, and a Magistrate Judge work, all with active trial dockets), the convenience to the parties and witnesses, and any other

consideration.

Accordingly, the Court **DENIES without prejudice** plaintiff's motion to change venue (Doc. 43).

**IT IS SO ORDERED.**

Signed this 11th day of March, 2015.

Digitally signed by
David R. Herndon
Date: 2015.03.11
10:00:16 -05'00'

**United States District Judge**