IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILL RIGSBY,

Plaintiff-Counter-Defendant,

v.  No. 14-0676-DRH

SHAWNEETOWN HARBOR SERVICE,
INC.,

Defendant/Counter-Plaintiff,

and

INDUSTRIAL MARINE SERVICES,
INC.,

Defendant.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### I. Introduction and Background

Pending before the Court are plaintiff's motion for leave to file second amended complaint (Doc. 56) and defendant's motion for summary judgment (Doc. 54). Both motions are ripe. Based on the following, the Court denies the motion for leave to file second amended complaint and grants the motion for summary judgment.

On June 12, 2014, Bill Rigsby filed suit against Shawneetown Harbor Service, Inc. ("Shawneetown") under the Jones Act, 46 U.S.C. § 688. Count I is a Jones Act claim, Count II is for unseaworthiness and Count III is for maintenance and cure (Doc. 2). Rigsby claims that he hurt his back while employed by Shawneetown while helping two other employees remove cement blocks from the deck of a Shawneetown boat. Specifically, Rigsby alleges:

> That the plaintiff was an employee of Shawneetwon Harbor Services, Inc., as a seaman on or about April 19, 2013 and was working on defendant's vessel in the City of Shawneetown, County of Gallatin and State of Illinois spending 30 more of his working hours on board a vessel under ownership or control of the defendant. … That despite of the duty of the defendant to plaintiff, that defendant committed the following act of negligence: a. That the defendant provided 50 pound blocks of ballast to the vessel to keep the vessel from capsizing. Plaintiff was severely injured in removing the ballast from the vessel in that he tripped and fell in the process of removing the 50 pound blocks from the vessel when the vessel was in port.

(Doc. 2: p. 2, ¶ ¶ 6, 10 and ps. 3-4, ¶ ¶ 5, 9). In response, Shawneetown filed its answer and counterclaim against Rigsby (Doc. 7). The counterclaim contains two counts against Rigsby: Count I – fraud and Count II – general maritime law. On

November 18, 2014, Rigsby moved for leave to file an amended complaint to add a claim for negligence against Industrial Marine Services, Inc. ("Industrial Marine") (Doc. 19). On December 5, 2015, the Court granted the motion and directed Rigsby to file the amended complaint instanter (Doc. 25). Rigsby filed the first amended complaint on January 5, 2015 (Doc. 27). The first amended complaint contained the same three counts against Shawneetown and added Count IV – a negligence claim against Industrial Marine. He alleges that Industrial Marine owned the floating dock that was tied to the vessel upon which he was working. He contends that Industrial Marine was negligent for not providing adequate equipment or help to offload the blocks.

On June 8, 2015, defendants filed the motion for summary judgment (Doc. 54) and Rigsby filed the motion for leave to file second amended complaint on June 15, 2015 (Doc. 56). Thereafter on June 30, 2015, defendants filed their opposition to the motion for leave to amend (Doc. 58) and on July 8, 2015, Rigsby filed his response in opposition to the summary judgment motion (Doc. 59) Subsequently, Rigsby filed a motion for leave to amend plaintiff's response in opposition to defendants' motion for summary judgment on July 31, 2015 (Doc. 64) and defendants filed a motion to strike expert witness on August 13, 2015 (Doc. 65). On December 28, 2015, the Court denied plaintiff's motion for leave to amend response in opposition to defendants' motion for summary judgment and granted defendants motion to strike expert witness (Doc. 74).

## II. Facts[1]

Since 1999, Rigsby worked for Shawneetown, first as a deck hand and then as a towboat pilot. One of the boats he worked aboard was the Motor Vessel Margaret Ann, which had cement blocks in the forward hold for leveling or ballast. In early 2013, Shawneetown replaced the Margaret Ann's townknees (large bumpers on the bow of the boat that help push barges around on the river) with heavier ones, rendering unnecessary the 50 pound cement blocks in the forward hold of the boat. As a result, Shawneetown decided to remove the cement blocks in early April 2013.

On April 9, 2013, to unload the cement blocks, Rigsby steered the Margaret Ann to a barge (with a crane on it) owned by Industrial Marine that was moored to the riverbank. Thereafter, Maintenance Manager Tom Wayne Pinkston assisted Rigsby and Deckhand Ryan Flint in removing the blocks.[2] Deckhand Flint entered the hold below of the Margaret Ann's main deck and hoisted three or four blocks out of the hold onto the boat deck, where Pinkston and Rigsby moved these blocks from the boat deck onto the edge of the crane barge. At this time the crane barge was about waist high for Rigsby as he stood on the boat's deck. After moving these blocks onto the crane barge, Rigsby stepped onto the crane barge to move the blocks toward the center of the crane barge near a series of timbers. He lifted and

---

1 The facts are taken from the parties briefs that are not contested.
2 Defendants' brief refers to the Maintenance Manager as Tom Wayne. However, in both plaintiff's deposition testimony and affidavit Tom Wayne is referred to as Tom Wayne Pinkston. Thus, the Court will refer to him as Pinkston.

carried one block six to eight feet by the timbers. In moving the second block, he turned toward the timbers and took two steps. With the second step, his leg went out from under him and he fell on his back.

Also on April 9, 2013, Rigsby signed/completed the official Coast Guard logs for that day, marking on the box on the bottom of the log: "There has not been any accidents/incidents aboard the vessel during the times on this log." (Doc. 54-4). Rigsby was aware that he was to fill out an accident report if he hurt himself. Rigsby maintains that there were no blank reports on the boat when he went to fill one out minutes after his fall. Someone brought Rigsby an accident report after the accident and he filled out the report. The accident report is dated April 17, 2013. (Doc. 54-2, ps. 5-7). At the request of Shawneetown, Rigsby gave a sworn statement regarding the accident in the presence of his lawyer on January 10, 2014.

### III. Motion to Amend

Federal Rule of Civil Procedure 15(2) provides:

*Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. The Court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, … undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1298 (7th Cir.1993) (quoting *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227,

9 L.Ed.2d 222 (1962)). Generally, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *J.D. Marshall Intern. Inc. v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir. 1991); *Sanders v. Venture Stores Inc.*, 56 F.3d 771 (7th Cir. 1995).

In his motion, plaintiff moves to file a second amended complaint to add a count against defendant Industrial Marine under the Jones Act. In support, plaintiff simply states:

> "It has comes [sic] to plaintiff/counter defendant's knowledge that the accident at issue herein occurred on a vessel as defined by admiralty and maritime law and owned and controlled by defendant Industrial Marine Services. Defendant Industrial Marine Services, was the owner of the crane barge involved in the April 9, 2013 injury sustained by plaintiff/counter-defendant. Based on this information plaintiff should be allowed to add a count against defendant Industrial Marine Services under the Jones Act. The addition of a count under the Jones Act against defendant Industrial Marine Services will serve the interest of justice in this case and should not cause any harm or delay to any other party."[3]

(Doc. 56). Defendants oppose the motion arguing that the amendment is futile as plaintiff does not have a Jones Act claim against Industrial Marine and that the motion is untimely.

First, the Court finds that plaintiff's request is untimely and that plaintiff's motion is insufficient as he has not established that justice so requires that leave to amend be given. Plaintiff moved to amend his complaint on June 15, 2015; one

---

3 While plaintiff mentions Federal Rule of Civil Procedure 15(2), he does not provide any case law or facts to support his motion.

week after defendants filed the motion for summary judgment; one year after the original complaint was filed (Doc. 2, June 12, 2014); and over five months after the amended complaint was filed (Doc. 27).  In this motion, plaintiff does not explain why the motion is filed so late nor does plaintiff attempt to establish why justice requires this amendment.  Moreover, plaintiff initially added Industrial Marine as a defendant on January 5, 2015 (Doc. 27).  In his November 18, 2014 motion for leave to file first amended complaint, plaintiff merely (and similarly to this motion) stated the following as to Industrial Marine:

> "It has come to the plaintiff/counter-defendant's knowledge that another party is also liable for damages sustained by plaintiff/counter-defendant on or about April 9, 2013, as a result of negligence and should be made a defendant in these proceedings. The additional party is Industrial Marine Servides [sic], owner of the crane barge involved in the April 9, 2013, injury Sustained [sic] by plaintiff/counter-defendant.  The addition of Industrial Marine Services will serve the interests of justice and will cause no harm or delay to any other party or the Court."

(Doc. 19).  Obviously, plaintiff was aware that Industrial Marine was the owner of the crane barge at the time he filed his first motion for leave to amend.  Thus, plaintiff could have/should have added the Jones Act claim against Industrial Marine at that time.  In the present motion, he offers no explanation why he waited to add this claim against Industrial Marine.  Further, the Court finds the plaintiff (as shown below) is unable to demonstrate how he was injured and adding this claim against Industrial Marine at this state of the proceedings will not help his case.  Accordingly, the Court **DENIES** the motion for leave to file second amended

complaint (Doc. 56) and the Court **STRIKES** the second amended complaint that plaintiff filed on June 25, 2015 without leave of the Court (Doc. 57). With that housekeeping completed, the Court turns to the merits of the motion for summary judgment.

### IV. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in his favor; if he is unable to "establish the existence of an element essential to [her] case, and on which he will bear the burden of proof at trial," *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), summary judgment must be granted. A bare contention that an issue of fact exists is insufficient to create a factual dispute, but the court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.,* 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (noting the often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). A material fact must be outcome determinative under the governing law. *Insolia v. Philip Morris Inc.,* 216 F.3d 596, 598–99 (7th Cir. 2000). "Irrelevant or unnecessary facts do not deter summary judgment, even when in

dispute." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008).

To the extent that a party's statements in an affidavit contradict his disposition testimony, the Court will not consider the affidavit in ruling on the summary judgment motions. See *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996)("As a general rule, the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit who conclusions contradict a prior deposition or other sworn testimony"); see also *Patterson v. Chicago Ass'n for Retarded Citizens*, 150 F.3d 719, 720 (7th Cir. 1998); *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993)(finding that "[s]elf serving affidavits without factual support in the record will not defeat a motion for summary judgment.").

## V. <u>Analysis</u>

Congress enacted the Jones Act, 46 U.S.C.App. § 688, to create a federal negligence claim for seamen injured in the course of employment as a result of the negligence of a shipowner. The Jones Act provides this heightened legal protection to eligible seamen because of their exposure to "the perils of the sea" in the course of their duties. *Chandris, Inc. v. Latsis,* 515 U.S. 347, 354, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). The Act by its terms extends the protections of the Federal Employer's Liability Act ("FELA") to seamen, and thus FELA caselaw is broadly applicable in the Jones Act context. See *Sobieski v. Ispat Island, Inc.,* 413 F.3d 628, 631 (7th Cir.2005).

To maintain a cause of action under the Jones Act, a plaintiff must prove that the shipowner was negligent and that such negligence was the proximate cause of the plaintiff's injury. See *Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d 331 (5th Cir.1997). What constitutes negligence under the Jones Act is determined by principles of common law. *Sobieski,* 413 F.3d at 631. A shipowner is not an absolute insurer; rather, a seaman must show that the shipowner breached its duty to provide a seaworthy vessel. As the Seventh Circuit has stated, "plaintiffs seek a rule that would in essence make Jones Act employers the absolute insurers of seamen they employ, regardless of the underlying theory of liability. Binding precedent makes clear, however, that neither FELA nor the Jones Act has such a broad sweep." *Id.;* see also *Consol. Rail Corp. v. Gottshall,* 512 U.S. 532, 543, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994) ("FELA does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur."); *Hernandez v. Trawler Miss Vertie Mae, Inc.,* 187 F.3d 432, 436–37 (4th Cir.1999) ("[T]he Supreme Court has cautioned that the FELA, and derivatively the Jones Act, is not to be interpreted as a workers' compensation statute and that the unmodified negligence principles are to be applied as informed by the common law."). While the Court is cognizant of case law suggesting a lighter burden to be carried by Jones Act plaintiffs in surviving summary judgment (see, *e.g., Leonard v. Exxon Corp.,* 581 F.2d 522, 524 (5th Cir.1978)), the statute does not dictate that a plaintiff is entitled

to skip the summary judgment mechanism altogether. See *Sobieski,* 413 F.3d at 636–37.

Defendants move for summary judgment on Count I – Jones Act claim against Shawneetwon, Count II – unseaworthiness claim against Shawneetown and IV – negligence claim against Industrial Marine of the first amended complaint. Defendants argue that they are entitled to summary judgment as Rigsby provides no evidence showing negligence by either Shawneetown or Industrial Marine or showing an unseaworthy condition of the boat or barge that cause his accident. Defendants maintain that Rigsby does not know how or why he fell and has no explanation of how it happened. Plaintiff counters that summary judgment is premature without the depositions of defendants' witnesses, that "for whatever reason, during his deposition plaintiff's testimony was often contradictory, and as a result, difficult to rely on" and that his "position regarding negligence clearly rests on the fact the removal of the concrete blocks was necessary to prevent the Margaret Ann from taking on water and possibly sinking," Based on the following, the Court agrees with defendants that summary judgment is proper on Counts I, II and IV of the first amended complaint.

The Court agrees with Rigsby that his prior back problem and the medication used to treat it, while relevant to the issue of damages and even relevant to the question whether this case is dealing with an aggravation of a preexisting injury or the original injury to a particular part of the plaintiff's anatomy. However, on the issue of whether Rigsby can prove that defendants' negligence was the proximate

cause of any injury to the plaintiff is the seminal question of the motion at issue, such inquiry is misplaced.

Clearly, Rigsby, as a witness, is not able to provide proof, nor has he been able to point to any evidence, even circumstantially that leads or could lead to that conclusion. Instead, Rigsby defends the motion by saying it is too soon for the Court to rule on the motion, but he fails to follow F.R.C.P. 56(d) in doing so.[4] Had plaintiff done so, the Court could consider whether to grant him relief. Without an affidavit that sets out the necessary information for the Court to consider, the Court can only assume Rigsby is cannot make such a representation under oath. With that failing, the Court must rely on the record before it and that is a record devoid of any proof to support Rigsby's claim.

Based on the record, it is clear that Rigsby does not know why he fell and he has no explanation how it happened. In his deposition, he testified that the job and the working conditions were safe; that he did not need additional help or equipment to perform the job safely and that if he needed more help or equipment he was in charge of obtaining such. He further testified that no one he was working with or that anyone at Shawneetown caused him to fall or that anyone at Shawneetown could have prevented the fall. He also testified that he was not employed by Industrial Marine and that there was nothing wrong with the crane barge owned by

---

4 Rule 56(d) provides: **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed.R.Civ.P. 56(d).

Industrial Marine. Further, Rigsby's affidavit does not provide any help to him as it does not create a genuine issue of material fact. He has no evidence showing negligence by either defendant or showing that either the boat or the crane barge unseaworthy. Risgby has failed to direct this Court to a single source of factual evidence to support his claims. There is no genuine issue of material fact with respect to his claims for negligence or unseaworthiness and defendants are entitled to summary judgment on these claims.

## VI. Conclusion

Accordingly, the Court **DENIES** the motion for leave to file second amended complaint (Doc. 56), **STRIKES** the second amended complaint (which was filed without leave) (Doc. 57), and **GRANTS** defendants' motion for summary judgment (Doc. 54). The Court finds in favor of defendants Shawneetown Harbor Service, Inc., and Industrial Marine Services, Inc. and against Bill Rigsby on Counts I, II and IV of the first amended complaint. At the close of the case, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same. By the Court's calculation, the following counts/claims remain in this case: plaintiff's first amended complaint - Count III for maintenance and cure against Shawneetown Harbor Service, Inc. and Shawneetown Harbor Service Inc.'s counter claim - Count I for fraud and Count II for general maritime law against plaintiff. Thus, the Court **SETS** this matter for Final Pretrial Conference on February 10, 2016 at 9:00 a.m. Further, the Court **DIRECTS** the parties to contact Magistrate Judge Williams if a

settlement conference would be beneficial.

**IT IS SO ORDERED.**

Signed this 11th day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.11 16:47:33 -06'00'

**United States District Judge**